## HOMER ROBERSON v. THE STATE.

No. 20148. Delivered February 1, 1939.

The opinion states the case.

*Clyde Suddath*, of Henrietta, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for driving upon a public highway while intoxicated; punishment is assessed at confinement in the state penitentiary for a term of two years.

The indictment charges that appellant, while intoxicated and under the influence of intoxicating liquor, did drive and operate an automobile upon a public highway in Clay County on November 26, 1937. It further charges that on September 27, 1933, he was convicted of an offense of like character in cause number 2939 in Clay County. Consequently the punishment received was authorized under Art. 62 P. C.

The proof is ample to support the conviction. Mr. Ivey, a state highway patrolman, testified among other things as follows: " * * * He (referring to appellant) drove over on the wrong side of the road which necessitated us driving clean off the pavement to keep from hitting him. We turned around to stop him and succeeded * * * he had the odor of alcohol on his breath and was uncertain in his walk, and talked like a drunk man." Mr. Shans, another highway patrolman, testified: "I noticed a car coming to meet us, and was weaving back and forth on the road and I pulled over to one side of the road to keep from having a collision. * * * He was driving on a public highway in Clay County, Texas. * * * I could smell some form of alcohol. * * * It was about nine o'clock." Appellant introduced witnesses in his own behalf who expressed the opinion that he was not drunk at the time. Consequently the issue thus raised was one for the jury, and we would not be justified in disturbing their judgment.

The record is before us without bills of exception. Appellant requested no special charges and made no objections to the court's charge. However, he attacks the sufficiency of the indictment and maintains that it does not sufficiently allege conviction of a prior offense. We are unable to agree with him.

The indictment charges that appellant had been, theretofore on the 27th. day of September, 1933, convicted in the District Court of Clay County in cause number 2939 of an offense of like character and of the same nature as that charged against him in the instant case, to-wit: "The offense of unlawfully driving and operating an automobile upon a public highway in said County and State while he the said Homer Roberson was under the influence of intoxicating liquor * * * ." The proof offered by the state in support of this allegation included the judgment of conviction in the prior case, which showed that appellant plead guilty and was fined $25. for the offense. The jury in the instant case found him guilty as charged and further found that he had been theretofore convicted of the same or a similar offense as alleged in the indictment. The authority which the appellant cites is not applicable to the facts of this case.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.